**O**

# United States District Court
# Central District of California

BRIDGET WILLIAMS,

Plaintiff,

v.

THE SALVATION ARMY; SHERRY MCWHORTER; DONNA MARSHALL; DOES 1-10, inclusive,

Defendants.

Case № 2:14-cv-06138-ODW(PJWx)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [11]**

## I. INTRODUCTION

Plaintiff Bridget Williams brings this wrongful termination case against Defendants The Salvation Army ("TSA"), Sherry McWhorter, and Donna Marshall (collectively, "Defendants"). Plaintiff alleges that TSA terminated her employment in retaliation for taking medical leave and asking for medical accommodations. In addition, Plaintiff alleges that Defendants published defamatory statements that Plaintiff violated company policy and/or the law, engaged in misconduct, and is incompetent. Before this Court is Defendants' Motion to Dismiss Plaintiff's defamation claim. For the reasons discussed below, the Court **GRANTS** Defendant's

Motion to Dismiss.[1] (ECF No. 11.)

## II. FACTUAL BACKGROUND

Plaintiff, a resident of Los Angeles, California, was employed by TSA from February 1992 to February 28, 2014. (Compl. ¶¶ 3-4.) On January 7, 2013, Plaintiff told Defendants of her cancer. (*Id.* ¶ 14.) Plaintiff alleges that she was "berated" by Defendants over her request to see her oncologist in early February 2013. (*Id.* ¶ 16.) Plaintiff also alleges that Defendant McWhorter said to her, "do you even have cancer?" (*Id.* ¶¶ 3-4.)

In May 2013, Plaintiff began her chemotherapy, working throughout, until November. (*Id.* ¶ 19.) From November 22, 2013 until December 30, 2013, Plaintiff had to use leave for her cancer treatment. (*Id.* ¶ 20.) On January 9, 2014, Plaintiff received a negative performance review. (*Id.* ¶ 22.) She alleges that after complaining that her review was based on false statements and retaliation, Plaintiff was fired on February 28, 2014.

On August 5, 2014, Plaintiff brought this wrongful termination case against Defendants. (*See* Compl. ¶¶ 5-7.) The Complaint alleges that TSA terminated Plaintiff's employment in February 2014 in retaliation for Plaintiff taking medical leave and asking for medical accommodations. (*Id.* ¶¶ 14-27.) Plaintiff also claims that Defendants defamed her through "expressed and implied accusations that Plaintiff violated company policy and/or the law, engaged in misconduct, and expressly and impliedly accusing Plaintiff of being incompetent." (*Id.* ¶ 48.)

On October 14, 2014, Defendants filed their Motion to Dismiss the Fourth Cause of Action (*i.e.* defamation claim). (ECF No. 11.) An Opposition and Reply were timely filed. (ECF Nos. 13, 14.) That Motion is now before this Court for consideration.

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants argue that Plaintiff's defamation claim is legally insufficient because (1) the Complaint makes clear that the alleged defamatory statements are

truthful and constitute non-actionable opinion; (2) Plaintiff has not adequately alleged unprivileged communications to an identified third party; and (3) the defamation claim is barred against McWhorter and Marshall by the doctrine of agents' immunity.[2] (Mot. 2.) Plaintiff argues that the following allegations show that her defamation claim was sufficiently pleaded: ". . . Defendants . . . cause[d] excessive and unsolicited internal and external publications . . . of and concerning Plaintiff to third persons and to the community." (Opp'n 3 (quoting Compl. ¶ 47.)) This Court agrees with Defendants that Plaintiff relies on only conclusory, boilerplate legal contentions rather than factual allegations. (Reply 4.)

To state a claim for defamation, plaintiffs must demonstrate that defendants made a false and unprivileged publication to a third person that had a tendency to injure her with respect to her occupation, office, profession, trade or business. *See* Cal. Civ. Code § 44-47; *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). Plaintiff uses conclusory terms to allege that she was defamed by Defendants. (*See* Compl. ¶ 46-61.) In fact, in the over four pages of allegations regarding her defamation claim alone, the only specific statement Plaintiff references is one by Defendant McWhorter, who in a meeting said to Plaintiff, "do you even have cancer?" (*Id.* ¶ 17.) Additionally, as Defendants point out, this single statement is both opinion and truth, and thus is not defamatory. *See Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1383 (1999) ("Under the common law privilege of fair comment, an honest expression of opinion on matters of public interest is privileged.") Plaintiff admits in the Complaint that she did have cancer and therefore McWhorter's statement was true. *See Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1180 (2000) ("In all cases of alleged defamation, whether libel or slander, the truth of the offensive statements or communication is a complete defense against civil liability, regardless of bad faith or malicious purpose.") (quotations and citations omitted).

[2] Defendants have filed a Request for Judicial Notice in relation to this Motion. (ECF No. 11-3). The Court **DENIES** the Request because the documents are already part of the record in this case and the Court may refer to docket entries in this case without taking judicial notice.

Plaintiff also alleges that Defendants' publications included statements that Plaintiff "violated Defendant SA's policy, engaged in misconduct, and potentially violated the law. . . . Defendants . . . expressly and impliedly published that Plaintiff was incompetent, engaged in potential criminal activity, and was a poor employee." (Compl. ¶¶ 51-52.) Plaintiff merely describes these statements but never provides the actual statements that were made. *See Dutson v. Farmers Ins. Exchange*, No. 93-35205, slip op. at *5 (9th Cir. Sept. 9, 1994) ("Plaintiff's complaint did not set out the actual words plaintiff alleges were published to other agents, subjecting his allegations of the defamation to dismissal.") Without more specifically alleged facts, Plaintiff's defamation claim is not sufficiently pleaded to show that a false statement was made. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc*. 674 F.3d 369, 378 (4th Cir. 2012) (upholding the District Court's dismissal of the plaintiff's defamation claim on the grounds that it was replete with legal conclusions but failed to set forth sufficient factual allegations to proceed).

Further, Plaintiff does not adequately allege unprivileged communications as required for a defamation claim. Employers possess a qualified privilege to discuss concerns regarding employees with other employees in the employer's organization. *See Sherrill v. G&K Servs., Inc*., No. 14-CV-7337-PSG (Ex), 2014 WL 6670064, at *3 (C.D. Cal. Nov. 21, 2014) (citing *Manguso v. Oceanside Unified School Dist*. 153 Cal. App. 3d 574, 580 (1984)). The privilege applies only if reasonably calculated to advance or protect the interests of the communicator or the person to whom the communication is made on a matter of "common interest." *See Johnson v. Wells Fargo & Co., Inc*., No. 14-CV-06708-MMM (JCx), 2014 WL 6475128, at *9 (C.D. Cal. Nov. 19, 2014). Because an employer and its employees have a common interest in preserving morale and job efficiency, an employer's statements regarding the reasons for termination of another employee generally are privileged. *King v. United Parcel Serv., Inc.* 152 Cal. App. 4th, 426, 440 (2007).

/ / /

To defeat the privilege, plaintiff bears the burden of alleging specific facts showing a statement was made with malice. *Taus*, 40 Cal. 4th at 721; *see also Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 276 (1990) ("A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him."). Here, Plaintiff only makes conclusory, boilerplate statements and has not alleged any specific facts. Plaintiff argues that the Court must assume the truth of the facts as alleged. (Opp'n 4.) The Court agrees, but Plaintiff has failed to allege any **facts**; instead Plaintiff makes blank allegations that the statements were made with malice. (*Id*. at 6.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend. (ECF No. 11.)

**IT IS SO ORDERED.**

December 4, 2014

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**