O

# United States District Court
# Central District of California

| | |
|---|---|
| BRIDGET WILLIAMS, | Case № 2:14-cv-06138-ODW(PJWx) |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| THE SALVATION ARMY; SHERRY MCWHORTER; DONNA MARSHALL; DOES 1-10, inclusive, | **DEFENDANTS' MOTION TO DISMISS [20]** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Bridget Williams brings this wrongful termination case against Defendants The Salvation Army ("TSA"), Sherry McWhorter, and Donna Marshall (collectively, "Defendants"). Plaintiff alleges that TSA terminated her employment in retaliation for taking medical leave and asking for medical accommodations. In addition, Plaintiff alleges that Defendants published defamatory statements that Plaintiff violated company policy and/or the law, engaged in misconduct, and is incompetent. Plaintiff filed a First Amended Complaint on December 17, 2014. (ECF No. 18, First Amended Compl. [hereinafter "FAC"].) Before this Court is Defendants' second Motion to Dismiss Plaintiff's defamation claim. For the reasons

discussed below, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice.[1] (ECF No. 20.)

## II. FACTUAL BACKGROUND

Plaintiff, a resident of Los Angeles, California, was employed by TSA from February 1992 to February 28, 2014. (FAC ¶¶ 3–4.) On January 7, 2013, Plaintiff told Defendants of her cancer. (*Id*. ¶ 14.) Plaintiff alleges that she was "berated" by Defendants over her request to see her oncologist in early February 2013. (*Id*. ¶ 16.) Plaintiff also alleges that Defendant McWhorter said to her, "do you even have cancer?" (*Id*. ¶ 17.)

In May 2013, Plaintiff began her chemotherapy, working throughout, until November. (*Id*. ¶ 19.) From November 22, 2013 until December 30, 2013, Plaintiff had to use leave for her cancer treatment. (*Id*. ¶ 20.) On January 9, 2014, Plaintiff received a negative performance review. (*Id*. ¶ 22.) She alleges that after complaining that her review was based on false statements and retaliation, Plaintiff was fired on February 28, 2014.

On August 5, 2014, Plaintiff brought a wrongful termination case against Defendants. (ECF No. 1.) The Complaint alleges that TSA terminated Plaintiff's employment in February 2014 in retaliation for Plaintiff taking medical leave and asking for medical accommodations. (*Id*. ¶¶ 14–27.) Plaintiff also claims that Defendants defamed her through "expressed and implied accusations that Plaintiff violated company policy and/or the law, engaged in misconduct, and expressly and impliedly accusing Plaintiff of being incompetent." (*Id*. ¶ 47.)

On October 14, 2014, Defendants filed their first Motion to Dismiss the Fourth Cause of Action (*i.e*. defamation claim). (ECF No. 11.) The Court granted Defendants' Motion without prejudice, holding that Plaintiff failed to provide adequate factual support for her allegations. (ECF No. 16.) On December 17, 2014,

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Plaintiff filed her FAC. (ECF No. 18.)

Plaintiff's FAC contains new facts in support of her defamation claim. Two additions are of particular importance here. First, Plaintiff provides the specific statements made by Defendant Marshall in Plaintiff's written performance evaluation. (FAC ¶ 51.) Second, Plaintiff provides new circumstantial evidence that, she argues, can establish Defendants made the alleged defamatory statements with malice. (*Id.* ¶ 54.) The Court will discuss these additions more thoroughly below.

On January 7, 2015, Defendant again filed a Motion to Dismiss Plaintiff's Fourth Cause of Action (*i.e.* defamation claim). (ECF No. 20) An Opposition and Reply were timely filed. (ECF Nos. 22, 23.) That Motion is now before the Court for consideration.

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations,

unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants assert that Plaintiff's FAC "adds no new substantive factual allegations." (Mot. 2.) Accordingly, Defendants assert that Plaintiff's defamation claim is legally insufficient on the same three grounds it argued in its previous Motion to Dismiss: (1) the Complaint makes clear that the alleged defamatory statements are truthful and constitute non-actionable opinion; (2) Plaintiff has not adequately alleged unprivileged communications to an identified third party; and (3) the defamation claim is barred against McWhorter and Marshall by the doctrine of agents' immunity.[2] (Mot. 2–3.)

Plaintiff argues that Defendants are attempting to mislead the Court by alleging the FAC merely reorganizes the original Complaint. (Opp'n 2.) Specifically, Plaintiff states, "paragraphs 51 and 54 of the First Amended Complaint [referenced above] added new factual allegations that were not in the original complaint, *which defendants' motion failed to even address*." (*Id.* 2–3.) The Court agrees with Plaintiff on this point. Plaintiff's FAC presents new factual information not found in her initial complaint. Nonetheless, Plaintiff again failed to satisfy the minimal pleading requirements of Rule 8(a)(2). (ECF No. 22.)

///

---

[2] Defendants have filed a Request for Judicial Notice in relation to this Motion. (ECF No. 21-1). The Court **DENIES** the Request because the documents are already part of the record in this case and the Court may refer to docket entries in this case without taking judicial notice.


**A.     Actionability of the Alleged Defamatory Statements**

To state a claim for defamation, plaintiffs must demonstrate that defendants made a false and unprivileged publication to a third person that had a tendency to injure her with respect to her occupation, office, profession, trade or business. *See* Cal. Civ. Code § 44-47; *Taus v. Loftus*, 54 Cal. Rptr. 3d 775, 804 (2007).

For a statement to be actionable as defamatory, it must be a *false* statement of *fact*, not opinion. *Gregory v. McDonnell Douglas Corp.*, 131 Cal. Rptr. 641, 643 (1976). Defendants argue that Plaintiff's FAC contains only one specific allegation: Defendant McWhorter's question to Plaintiff "do you even have cancer?" (Mot. 4.) However, Defendants fail to address the new information Plaintiff provides in her FAC—namely, the *specific* statements Plaintiff alleges were made by Defendant Marshall in Plaintiff's written performance evaluation. (Opp'n 2.) Plaintiff included the four following statements from that document: (1) "Plaintiff did not follow company policy"; (2) "Plaintiff breached confidentiality of matters in the workplace"; (3) "Plaintiff did not demonstrate a positive attitude, or commitment and involvement within the department and/or organization; and"; (4) "Plaintiff did not communicate timely and intelligently with others." (FAC ¶ 51.) The Court identifies two sets of potentially defamatory statements: (1) Defendant Marshall's performance evaluation comments; and (2) Defendant McWhorter's question to Plaintiff. The Court addresses the actionability of each below.

1. Marshall's Performance Evaluation Comments

"The critical determination of whether an allegedly defamatory statement constitutes fact or opinion is a question of law for the court." *Campanelli v. Regents of Univ. of Cal.*, 51 Cal. Rptr. 2d. 891, 894 (1996). The Court must determine "whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion." *Kahn v. Bower*, 284 Cal. Rptr. 244, 249 (1991) (internal quotations omitted). Plaintiff alleges that the statements contained in her written performance evaluation were false and constituted "statements of facts about

Plaintiff's work performance, lack of integrity, and lack of cooperation." (FAC ¶ 53.)

California courts strongly disfavor libel suits based upon communications in employment performance reviews. *Jensen v. Hewlett-Packard Co.*, 18 Cal. Rptr. 2d 83, 85 (1993) (explaining the "important business purpose" of performance evaluations). However, a performance evaluation can support a cause of action for libel where it "falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible characteristics or behavior." *Id.* Here, Plaintiff's performance evaluation is not merely a statement of opinion because it accuses her of failing to follow company policy and breaching confidentiality of matters in the workplace. *See Layton v. Terremark N. Am., LLC.*, No. 5:13-cv-03093-PSG 2014 WL 2538679, at *8 (N.D. Cal. June 5, 2014) (finding plaintiff sufficiently plead a defamation claim based on a termination letter where the letter accused plaintiff of mishandling company property). Whether Plaintiff failed to follow company policy or breached confidentially of matters is provable at trial and calls Plaintiff's integrity into question. *Id.* Therefore, these statements are sufficient to support her cause of action.

2. McWhorter's Question

Plaintiff presents new information concerning Defendant McWhorter's question to Plaintiff. (FAC ¶ 48.) Plaintiff now alleges that at the time McWhorter asked her whether she really had cancer, McWhorter knew Plaintiff had cancer because she received Plaintiff's doctor note and Plaintiff had already alerted McWhorter to her condition. (*Id.*) Spoken in this context, Plaintiff argues that McWhorter's "question" becomes less an inquiry into the veracity of Plaintiff's claims and more an implication that Plaintiff is lying about her medical condition. (*Id.*)

Defendants argue that since Plaintiff has cancer, McWhorter's statement cannot be actionable. (Mot. 4.) Inherent in this argument is Defendant's assertion that McWhorter's statement implied that Plaintiff *had* cancer. Plaintiff alleges just the opposite: McWhorter's statement implied that she was lying about having cancer.

(FAC ¶ 48.) Whether Plaintiff lied about her medical condition is an allegation capable of being proven true or false. Plaintiff pleads that it is false; therefore Defendants' first argument fails. (*Id.*)

However, Defendants also argue that McWhorter's question is non-actionable opinion. (Mot. 4.) In its first Order, the Court agreed that McWhorter's question constituted opinion (ECF No. 16). Plaintiff presents no new information to persuade the Court otherwise. Therefore, the Court still finds McWhorter's question non-actionable and will only proceed with those allegations arising out of Marshall's performance evaluation comments.

**B. Defendants' Publications of Alleged Defamatory Statements Were Privileged**

Defendants next argue that even if Plaintiff has adequately re-pled an actionable defamatory statement, she still fails to show an unprivileged publication to an identified third party. (Mot. 5.)

As an initial matter, Defendants are conflating three distinct issues: (1) whether there was a publication of the alleged statements; (2) whether, assuming there was a publication of the alleged statements, that publication was unprivileged; and (3) whether, assuming there was a *privileged* publication of the alleged statements, Plaintiff established malice sufficient to overcome that privilege. (Opp'n 3.) The Court will address each issue in turn.

1. Publication

Plaintiff fails to sufficiently allege that publication occurred. "[P]ublication occurs when a statement is communicated to any person other than the party defamed." *Kelly v. Gen. Tel. Co.*, 186 Cal. Rptr. 184, 186 (1982). Plaintiff asserts that "publication is met in several instances." (Opp'n 3.) However, several of the specific instances Plaintiff cites relate to publication of McWhorter's question—a statement the Court already determined is not actionable.

With respect to Defendant Marshall's statements, Plaintiff alleges that because

1 she was foreseeably compelled to republish these statements, the publication
2 requirement is met. (*Id.*)

> Under the compulsion doctrine, a defendant may be liable for the foreseeable republication of a defamatory statement made by a plaintiff where 'the person defamed [is] operating under a strong compulsion to republish the defamatory statement and the circumstances which create the strong compulsion are known to the originator of the defamatory statement at the time he communicates it to the person defamed.

*Rangel v. Am. Med. Response W.*, No. 1:09-cv-01467-AWI-BAM, 2013 WL 1785097, at *17 (E.D. Cal. Apr. 25, 2013) (citing *McKinney v. County of Santa Clara*, 168 Cal. Rptr. 89, 94–95 (1980)). The compulsion doctrine can be triggered where "'a plaintiff is compelled to republish the statements in aid of disproving them.'" *Id.* (citing *Live Oak Publ'g Co. v. Cohagan*, 286 Cal. Rptr. 198, 202 (1991)). In an employment context, this includes situations where "'a derogatory statement is placed in a personnel file, [and] the employee must explain the statement to subsequent employers, who will surely learn of it if they investigate his or her past employment.'" *Id.*

Unfortunately for Plaintiff, the *mere possibility* of republication is not sufficient. *See id.* (citing *Dible v. Haight Ashbury Free Clinics*, 88 Cal. Rptr. 3d 464, 474 (2009) ("'California cases that have discussed the [compulsion doctrine] have uniformly involved an *actual* republication'"). Although Plaintiff asserts with conviction that Marshall's statements were repeated and reviewed by other employees, she provides no specific instance where this actually occurred. Because Plaintiff fails to adequately allege an *actual republication*, the publication element is not met.

2. Common Interest Privilege

Even assuming Plaintiff's alleged statements met the publication requirements, these publications fall under the common interest privilege. The common interest

8

1  privilege provides that an employer is not liable for defamation with respect to
2  communications *among employees* relating to the conduct of *an employee* "[so] *long*
3  *as that communication is not motivated by malice.*" *Kelly*, 186 Cal. Rptr. at 286.
4  Plaintiff does not dispute that these alleged publications were made among employees
5  and thus *potentially* protected by the common interest privilege. (Opp'n 4.) Rather,
6  Plaintiff argues that she can overcome that privilege by proving Defendants acted with
7  actual malice. (*Id.*); *see Lundquist v. Reusser*, 31 Cal. Rptr. 2d 776, 786 (1994)
8  ("where the complaint discloses a qualified privilege, no malice is presumed and in
9  order to state a cause of action the pleading must contain affirmative allegations of
10 malice in fact").

11  To establish that Defendants acted with actual malice, Plaintiff must show that
12 Defendants' publication "was motivated by hatred or ill will towards" her or that
13 Defendants "lacked reasonable ground[s] for belief in the truth of the publication and
14 thereafter acted in reckless disregard of [her] rights." *Taus*, 54 Cal. Rptr. 3d at 805
15 (internal quotations omitted). In an effort to meet this burden, Plaintiff only provides
16 irrelevant circumstantial evidence. (FAC ¶ 54.) Plaintiff alleges that Defendants'
17 malice is evidenced by their failure to follow company policy in Plaintiff's
18 termination, their failure to follow through with Plaintiff's previously-promised
19 promotion, and because they knew or had the opportunity to learn that the statements
20 made about Plaintiff were false. (*Id.*)

21  Plaintiff's allegations that Defendants acted with malice because they did not
22 follow company policy in her termination over-extends the point. (*Id.*) Even if
23 Plaintiff could establish that Defendants wrongfully terminated her employment, that
24 fact is not sufficient to establish that Defendants' publication of the alleged statements
25 was motivated by hatred *or* that Defendants knew these statements were untrue and
26 nevertheless published them. Likewise, Plaintiff's assertion, that Defendants' failure
27 to promote Plaintiff is indicative of malice, is equally weak. Finally, Plaintiff's
28 allegation that Defendants knew or had reasonable opportunity to learn that the

statements made about Plaintiff were false is akin to the same conclusory, boilerplate statements the Court rejected in its initial Order. (*See* ECF No. 16.) Plaintiff provides no *specific facts* showing that Defendant Marshall knew the statements he was writing about Plaintiff were false. Plaintiff once again fails to establish malice and therefore fails to overcome the common interest privilege.

### C. Agents' Immunity

Because the Court determined Plaintiff did not adequately plead a defamation claim, it declines to address Defendants' final argument that Defendants McWhorter and Marshall are immunized from liability under the "agent's immunity" doctrine.

### V. CONCLUSION

The Court finds Plaintiff had ample opportunity to cure the defects identified in her defamation claim but failed to do so. Therefore, for the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice. (ECF No. 20.)

**IT IS SO ORDERED.**

February 18, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**